23CA2155 Marriage of Propst 11-27-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2155
Arapahoe County District Court No. 16DR924
Honorable Michelle Jones, Judge

In re the Marriage of

Chad Alan Propst,

Appellee,

and

Courtney Ann Propst,

Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE SCHUTZ
Tow and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 27, 2024

The W Law, Carolyn C. Witkus, Jon Eric Stuebner, Denver, Colorado for
Appellee

West Group Law & Policy, Suzanne M. Taheri, Englewood, Colorado, for
Appellant

¶ 1 In this post-dissolution of marriage proceeding between Courtney Ann Propst and Chad Alan Propst, Courtney[1] appeals the district court's order that adopted the magistrate's order terminating spousal maintenance. We affirm.

I. Background and Procedural History

¶ 2 The eleven-year marriage between Courtney and Chad was dissolved in 2018. They have three children together. While married, Chad worked in the insurance industry and earned around $500,000 per year. Courtney worked as a stay-at-home parent for most of the marriage. She previously worked as a pharmaceutical sales representative and earned approximately $80,000 per year.

¶ 3 As a part of the stipulation to dissolve their marriage, the parties entered into a memorandum of understanding in which Chad agreed to pay Courtney $11,500 per month in spousal maintenance for five years. The stipulation also resolved a separate civil action Chad had brought against Courtney in 2017 for

---

[1] Because Courtney and Chad share the same last name, we refer to them by their first name to avoid confusion. We mean no disrespect by doing so.

defamation, after learning that she had publicly accused him of multiple crimes, including sexually abusing their children and participating in a sex trafficking ring. The parties agreed to dismiss all civil claims and counterclaims with prejudice, and the court permanently enjoined Courtney from discussing the basis of the allegations in the defamation suit.

¶ 4 The Arapahoe County Department of Human Services (the department) filed two different dependency and neglect actions related to their children. The first action was initiated during the marital dissolution proceedings and was dismissed after a trial. The second action was opened shortly after the marriage's dissolution was final.

¶ 5 In 2019, the juvenile court adjudicated the children dependent or neglected as to Courtney and terminated her parental rights. The court dismissed the dependency and neglect claim as to Chad and awarded him sole custody of the children. The court also issued a permanent protective order against Courtney that required her to remove defamatory internet postings about Chad and prohibited her from publishing similar information about him and the children.

¶ 6    In 2019, Courtney moved for an award of permanent maintenance alleging that she was unable to work because of several medical ailments including post-traumatic stress disorder and skin cancer diagnoses.  The magistrate denied her motion after noting that the juvenile court had previously found that she did not meet the criteria for either medical condition.

¶ 7    In May 2020, Chad filed a contempt motion against Courtney after she once again publicly accused him of sexually abusing the children.  Chad responded by filing a second defamation lawsuit.  The court found Courtney in contempt for violating the permanent injunction and sentenced her to five months in jail.

¶ 8    While she was serving her sentence, Courtney continued making defamatory statements about Chad.  The department subsequently filed three additional contempt actions against Courtney for violations of the permanent protection order.  After finding her in contempt in each action, the court sentenced her to multiple consecutive six-month jail terms.

¶ 9    Courtney failed to file an answer or otherwise respond to the second defamation action, and the district court entered judgment against her in the amount of $1.75 million.  In November 2020,

Chad moved to reduce or terminate the spousal maintenance award on the bases that (1) his financial circumstances significantly changed because of substantial attorney fees associated with the continuous litigation; (2) Courtney's defamatory statements caused him to lose business opportunities that reduced his income; (3) Courtney's financial needs had decreased because of her incarceration; and (4) he was now the children's sole financial provider.

¶ 10    On April 6, 2021, the magistrate entered an order terminating spousal maintenance.  The magistrate found that Courtney's conduct — namely, her continued noncompliance with court orders and filing of a "substantially vexatious" spousal maintenance motion — caused Chad to incur approximately $700,000 in legal costs and that there was a continuing and substantial change in circumstances that rendered the original maintenance award unfair.

¶ 11    Courtney appealed the magistrate's order to the district court. The district court adopted the magistrate's findings regarding whether there was a substantial and continuing change that justified the modification of the original maintenance award but

4

remanded the matter for further findings regarding the parties' current financial circumstances and their ability to earn a living. Neither party appealed this order.

¶ 12    In July 2023, the magistrate terminated Courtney's spousal maintenance after making the following additional findings:

- Chad's bank statements supported his contention that he lacked the ability to continue paying spousal maintenance.

- Chad incurred over $500,000 in attorney fees related to the dependency and neglect, defamation, and contempt actions.

- Courtney's financial circumstances had changed because of her incarceration and the termination of her parental rights.

- Chad was solely responsible for the children's expenses including significant therapy costs.

- Courtney's testimony regarding her alleged expenses and debts was not credible.

- Courtney had approximately $260,000 in her bank account.

- Due to her incarceration, Courtney had limited financial needs and living expenses.

- Courtney previously earned approximately $80,000 per year as a pharmaceutical representative and should be able to work productively upon her release.

¶ 13    Courtney timely sought district court review of the magistrate's second order. The district court reiterated that because it had previously adopted the magistrate's finding that there were changed circumstances sufficient to warrant modification, the only issue on remand was what maintenance amount, if any, was appropriate based on the parties' current financial circumstances and ability to earn a living.

¶ 14    After thoroughly reviewing the magistrate's remand order, the district court found that the additional findings related to Chad and Courtney's current financial circumstances and ability to make a living justified the decision to terminate spousal maintenance. Courtney appeals the district court's order.

## II. Spousal Maintenance Modification

¶ 15    Courtney argues that the district court erred by concluding the magistrate did not abuse his discretion by terminating spousal maintenance. We disagree.

### A. Standard of Review and Preservation

¶ 16    Spousal maintenance modification orders are reviewed for an abuse of discretion. *In re Marriage of Young*, 2021 COA 96, ¶ 7. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, unfair, or misapplies the law. *In re Marriage of Nevedrova*, 2024 COA 112, ¶ 6.

¶ 17    A district court reviewing a magistrate's decision under C.R.M. 7(a) may not alter the magistrate's factual findings unless they are clearly erroneous. C.R.M. 7(a)(9); *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22. Our review of the court's decision is effectively a second layer of appellate review, and, like the district court, we must accept the magistrate's factual findings unless there is no record support for them. *Id.*

¶ 18    If a party seeks review of a decision to which the parties' consent to the magistrate hearing the case was not required, any appeal must be taken within twenty-one days of the date of the

7

written order (or within fourteen days if the parties were present for the court's ruling). C.R.M. 7(a)(1), (5). Parties who fail to seek district court review of a final order within the applicable deadline may not seek review of the order before this court. C.R.M. 7(a)(11).

¶ 19 After the briefs were filed in this appeal, another division of this court concluded that a reviewing district court has no authority to remand a case to the magistrate for additional findings. *See In re Marriage of Matheny*, 2024 COA 81, ¶ 19. Instead, the district court is required to conduct additional proceedings as necessary to fully adjudicate the rights and liabilities of the parties. *Id.* at ¶ 22. Neither party raised the issue addressed in *Matheny*, whether in their principal briefs or through supplemental authority. In any event, because we now have a definitive final order from the district court, we do not address the propriety of the district court's remand order.

## B. Spousal Maintenance Modifications

¶ 20 When evaluating an initial request for spousal maintenance, a court must make findings concerning (1) the amount of each party's income; (2) the marital property assigned to each party; (3) the parties' financial resources; (4) reasonable financial need as

established during the marriage; and (5) federal tax implications for both the payor and the recipient of the maintenance award. § 14-10-114(3)(a)(I)(A)-(E), C.R.S. 2024. Maintenance awards must be "in an amount and for a term that is fair and equitable to both parties and shall be made without regard to marital misconduct." § 14-10-114(2).

¶ 21 In contrast, to prevail on a motion to modify an existing maintenance order, the moving party has the burden of showing that there are changed circumstances that are "so substantial and continuing as to make the terms unfair." §14-10-122(1)(a), C.R.S. 2024. In evaluating whether to terminate or modify the maintenance award, the court *may* consider the factors outlined in section 14-10-114(3). § 14-10-114(5). But the primary focus in such circumstances is the parties' *present* financial circumstances and ability to earn. *Young*, ¶ 37.

### C. Application

¶ 22 Courtney essentially raises two challenges to the magistrate's findings. She argues first that the magistrate improperly focused on her alleged culpability in causing Chad to incur significant debt rather than focusing on her financial needs. Second, Courtney

contends that the magistrate failed to consider the pertinent factors under section 14-10-114(3), particularly, her financial needs and Chad's substantial income. We address and reject each contention in turn.

1.    Culpable Behavior

¶ 23    The district court found that Chad incurred over $500,000 in attorney fees related to the litigation of the defamation and contempt actions and noted that Chad lost out on promotion opportunities due to Courtney's defamatory conduct. Because the order acknowledges the correlation between Chad's financial losses and Courtney's conduct, she argues that the magistrate improperly based the termination of spousal maintenance on Courtney's perceived culpability. We disagree.

¶ 24    Although the district court considered the financial consequences of the ongoing litigation, the order neither ascribes blame to Courtney nor states that her behavior is the reason for terminating the existing maintenance award. Rather, the district court emphasized the magistrate's findings to explain how, under the present circumstances, Chad could not afford to continue paying maintenance. Because neither the district court nor the

magistrate abused its discretion by acknowledging the financial consequences of Courtney's actions, Courtney's argument fails.

### 2. Section 14-10-114(3) Factors

¶ 25    Courtney also argues that the district court erred by adopting the magistrate's order because the magistrate did not apply section 14-10-114(3)'s factors. Courtney is mistaken.

¶ 26    In *Young*, a division of this court held that when determining whether to modify maintenance, a court *may* but is not required to consider the statutory factors outlined in section 14-10-114(3). *Young*, ¶ 12. And irrespective of whether the court considers the section 14-10-114(3) factors, the parties' present financial situation and ability to earn are the central factors in determining whether modification or termination of the existing maintenance award is appropriate. *Young*, ¶ 37. Although we are not bound by the division's holding in *Young*, we see no reason to depart from it.

¶ 27    Thus, we reject Courtney's argument that the district court and the magistrate in this case erred by not considering all of the section 14-10-114(3) factors. Consistent with the directive in *Young*, the magistrate made extensive findings about the parties' current financial circumstances and their ability to earn a living.

¶ 28    The magistrate found that Courtney had $260,000 in her bank account and that her testimony regarding outstanding debts was not credible. Furthermore, the magistrate concluded that Courtney's claims about her health were unfounded, and she should be able to find gainful employment upon her release from custody. Additionally, the magistrate noted that she was no longer financially responsible for the children.

¶ 29    In comparison, the magistrate found persuasive Chad's evidence that he could not afford to continue paying maintenance. The magistrate also found persuasive the evidence that Chad presented concerning the children's significant expenses, including the extensive therapy needed to address their emotional distress resulting from Courtney's conduct. It was also undisputed that, at the time of the hearing, Chad was the children's sole provider.

¶ 30    Because there was record support for the magistrate's finding that Courtney could adequately support herself and that Chad's present financial situation had significantly deteriorated, the district court did not error by concluding that the magistrate did not abuse his discretion by terminating spousal maintenance.

12

## III. Disposition

The district court's order is affirmed.

JUDGE TOW and JUDGE PAWAR concur.